IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO ARROYO, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>           Plaintiff,<br><br>    v.<br><br>SUPERMERCADO SANCHEZ, INC., an Illinois corporation, d/b/a SUPERMERCADO SANCHEZ, and JUAN SANCHEZ, an individual,<br><br>           Defendants. | Case No. 15-cv-06586 |

## COMPLAINT

The Plaintiff, Francisco Arroyo ("Plaintiff" or "Arroyo"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complains against Defendants, Supermercado Sanchez, Inc., d/b/a Supermercado Sanchez ("Supermercado Sanchez"), and Juan Sanchez ("Sanchez"), as follows:

**Nature of the Suit**

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff, and other butchers employed by the Defendants, worked more than 40 hours in individual workweeks, but were not paid overtime compensation. This case is brought as a

collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative party is attached as Exhibit A.

## Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

4. Plaintiff was previously employed by Defendants as a butcher. Plaintiff worked for Defendants from approximately July 17, 2014 through June 21, 2015. The Plaintiff resides in and is domiciled within this judicial district.

5. Defendant Supermercado Sanchez is operated by Supermercado Sanchez, Inc., an Illinois corporation, and is doing business as a grocery store within this judicial district. Supermercado Sanchez's president, corporate secretary, and registered agent are located within this judicial district.

6. Upon information and belief, Defendant Supermercado Sanchez has earned more than $500,000 in annual gross revenue and sales.

7. Defendants' employees, including Plaintiff, have regularly handled, sold or otherwise worked on goods and materials that have been moved or produced for interstate commerce, including, but not limited to, food products.

8. Upon information and belief, Defendant Sanchez is the owner of Defendant Supermercado Sanchez. Sanchez is also the president, corporate secretary, and registered agent

for the company. Upon information and belief, Sanchez resides in and is domiciled within this judicial district.

9. Defendant Sanchez possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records. In furtherance of these duties, Sanchez hired the Plaintiff, set the work schedules for Plaintiff and other employees, and paid the Plaintiff and other employees.

## Common Allegations

10. Plaintiff's regular hourly rates of pay were $8.50 and $9.00.

11. Plaintiff, and other similarly situated employees, were directed to work, and did work, more than 40 hours per week.

12. Plaintiff initially worked approximately 84 hours in individual workweeks for the Defendants. Subsequently, Plaintiff worked approximately 62 hours per week for the Defendants.

13. Defendants did not compensate Plaintiff and other butchers at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

14. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek. Instead, Defendants paid Plaintiff his straight-time wages (or less) for all hours worked.

15. Upon information and belief, Defendants failed to post and keep posted FLSA, and IMWL notices in a conspicuous and prominent place in the workplace.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

16. Plaintiff hereby incorporates paragraphs 1 through 15 as though stated herein.

17. Plaintiff is an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff is not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

18. During the course of Plaintiff's employment, Defendants employed other butchers who were similarly not exempt from the overtime wage provisions of the FLSA.

19. During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

20. Defendant Supermercado Sanchez is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

21. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other employees worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

22. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

23. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal Defendants' failure to pay overtime, Defendants initially paid all of the Plaintiff's wages in cash. Defendants later implemented a dual-pay system whereby they paid the Plaintiff by check for 40 or less hours per week, and paid the remainder of his weekly hours in cash. Upon information and belief, Defendants' cash wage payments to the Plaintiff were not reported to the appropriate federal and state agencies.

**WHEREFORE**, the Plaintiff, Francisco Arroyo, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Supermercado Sanchez, Inc., d/b/a Supermercado Sanchez, and Juan Sanchez, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

24. Plaintiff hereby incorporates paragraphs 1 through 15 as though stated herein.

25. Plaintiff is an "employee" under the IMWL, 820 ILCS § 105/3(d), and is not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

26. During the course of Plaintiff's employment, Defendants employed other employees who were similarly not exempt from the overtime wage provisions of the IMWL.

27. At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

28. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

29. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

5

**WHEREFORE**, the Plaintiff, Francisco Arroyo, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Supermercado Sanchez, Inc., d/b/a Supermercado Sanchez, and Juan Sanchez, as follows:

A. Judgment in the amount of unpaid overtime wages found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: July 28, 2015

Respectfully submitted,
Francisco Arroyo, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff

/s/ Nicholas P. Cholis
_____
One of Plaintiff's Attorneys

Timothy M. Nolan
IL ARDC No. 6194416
Nicholas P. Cholis
IL ARDC No. 6292556
Nolan Law Office
Attorneys for Plaintiff
53 West Jackson Blvd. #1137
Chicago, Illinois 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net